**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

CHARLOTTE R. MARTIN                                               PLAINTIFF

V.                            No. 4:25-CV-00596-KGB-ERE

SOCIAL SECURITY ADMINISTRATION,
Commissioner                                                      DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to Chief United States District Judge Kristine G. Baker. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I.    Background

On April 28, 2021, Ms. Charlotte R. Martin filed an application for benefits due to lower back problems, difficulty ambulating, left leg numbness, depression, and anxiety. *Tr. 13, 94.*

Ms. Martin's claim was denied initially and upon reconsideration. At Ms. Martin's request, an Administrative Law Judge ("ALJ") held a hearing on April 10, 2024, during which the ALJ heard testimony from Ms. Martin and a vocational expert ("VE"). *Tr. 30-58.* The ALJ issued a decision on June 3, 2024, finding that Ms. Martin was not disabled. *Tr. 13-22.* The Appeals Council denied Ms. Martin's

1

request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-5.*

Ms. Martin, who was fifty-eight years old at the time of the hearing, has past relevant work experience as a customer order clerk. *Tr. 21, 55, 86.* She met the insured status requirements of the Social Security Act through March 31, 2025. *Tr. 15.*

## II.    The ALJ's Decision[1]

The ALJ found that Ms. Martin had not engaged in substantial gainful activity since the alleged onset date of January 21, 2021. *Tr. 15*. The ALJ also concluded that Ms. Martin had the following severe impairments: degenerative disc disease, degenerative joint disease of the hip, and hypertension. *Tr. 16.* However, the ALJ concluded that Ms. Martin did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 17.*

According to the ALJ, Ms. Martin had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with the following

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g); 20 C.F.R. § 416.920(a)-(g).

limitations: (1) no more than occasional stooping, kneeling, crouching, and crawling; (2) no more than occasional climbing of stairs and ramps; and (3) no climbing ladders, ropes, or scaffolds. *Tr. 18*.

In response to hypothetical questions incorporating the above limitations, the VE testified that Ms. Martin could perform her past relevant work as a customer order clerk. *Tr. 21, 51-56.* Accordingly, the ALJ determined that Ms. Martin was not disabled. *Tr. 21-22*.

## III.    Discussion

### A.    Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because

substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.    Ms. Martin's Arguments for Reversal

Ms. Martin contends that the Commissioner's decision is not supported by substantial evidence because the ALJ: (1) failed to fully develop the record; (2) erred at step two on the severe impairment analysis; (3) failed to properly evaluate Ms. Martin's subjective complaints; and (4) erred in formulating the RFC; and (5) erred at the step four determination about past relevant work. *Doc. 7*. After carefully considering the record as a whole, I recommend affirming the Commissioner.

### C.    Analysis

#### 1.  RFC

Ms. Martin alleges that the ALJ did not fully develop the record because the ALJ did not order a consultative examination or contact any of her medical providers.

While an ALJ has a duty to develop the record, this duty is not never-ending. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). An ALJ is "permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994). See *Adamczyk v. Saul*, 817 F. App'x 287, 290 (8th Cir. 2020) ("Because there was substantial evidence in the record from which the

ALJ could make an informed decision"—as discussed below—"the ALJ did not err in failing to seek a new opinion").

The ALJ noted that Ms. Martin had mild-to-moderate back and hip conditions that she treated relatively conservatively.[2] *Tr. 18-20*. *Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015) (noting that only conservative treatment weighs against a finding of disability). She also worked after the alleged onset date. *Tr. 15, 48*. *See* 20 C.F.R. § 404 .1571 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."). Finally, the ALJ pointed out that Ms. Martin's activities of daily living were inconsistent with being fully disabled. *Tr. 16, 345-350*. There was no glaring inconsistency in the medical record that suggested further development was necessary. The ALJ discussed the medical evidence, including the medical opinions and Ms. Martin's own hearing testimony. *Id*. Ms. Martin asserts that the ALJ should have ordered a consultative examination, but an opinion from a treating or examining physician was not required because the record, as is, supported the ALJ's conclusions. See *Harvey v. Colvin*, 839 F.3d 714 (8th Cir. 2016).

---

[2] Ms. Martin points to a case from this district where the district judge adopted the magistrate's recommendation to reverse the ALJ's decision because the record was not fully developed. *Kendrick v. Social Security Administration*, No. 4:24-CV-00221-KGB, 2025 WL 548271 (E.D. Ark. Feb. 19, 2025). There, the state-agency doctors found no severe impairments, but later MRIs showed severe conditions. Here, unlike *Kendrick*, the state-agency doctors had the benefit of the MRIs, found Ms. Martin's impairments to be severe, and limited her to a light RFC. *Tr. 80, 88*.

### 2. Step Two: Severe Impairments

Ms. Martin contends that the ALJ erred in finding that her anxiety and depression were non-severe. *Tr. 16-17*.

Ms. Martin has the burden of proving that an impairment is severe, which, by definition, significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to do work, then it does not satisfy the requirement of step two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

The ALJ adequately discussed Ms. Martin's anxiety and depression. First, the ALJ addressed the state-agency psychiatric experts' opinions, which found Ms. Martin's mental impairments non-severe, and found them to be persuasive. *Tr. 20, 80, 88*. The ALJ noted that Ms. Martin did not seek specialized psychiatric care and received medication from her only PCP. *Tr. 16, 48, 995*. She also did not require hospitalization, generally presented with normal mood and affect, and routinely denied mental health symptoms. *Tr. 671-691, 810-812, 1058, 1072, 1085*. Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Ms. Martin also could handle self-care, prepare simple meals, shop, drive, and take care of pets. *Tr. 16, 345-350*. Such daily activities undermine her claims of disability. *Andrews v. Colvin*, 791 F.3d 923, 929

(8th Cir. 2015). The ALJ did not err in finding that Ms. Martin's anxiety and depression were non-severe impairments.

### 3. Analysis of Subjective Complaints

Ms. Martin asserts that the ALJ did not properly evaluate her subjective complaints.

The Court normally should defer to an ALJ's credibility determination. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id.* When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. See *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id.* (internal citations omitted).

The ALJ discussed Ms. Martin's pain, the objective findings, her treatment, and her daily activities. *Tr. 19-22*. The ALJ noted spondylosis and foraminal narrowing was found on a lumbar MRI and that x-rays of the pelvis and hips showed

arthrosis. *Tr. 19, 98.* The ALJ discussed how pain medications helped for a time but became less effective. *Id.* The ALJ considered the state-agency medical expert opinions that Ms. Martin could perform light work, but further limited her to sedentary work, suggesting he considered her testimony that she lived with pain. *Tr. 19-22.* The ALJ properly found that Ms. Martin's assertion of disabling pain was inconsistent with the record as a whole, and there is no reason to depart from the deference normally given to the ALJ in making this finding.

### 4. RFC

Ms. Martin asserts that the RFC did not incorporate all of her limitations.

A claimant's RFC represents the most he can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).

As noted above, the ALJ thoroughly discussed Ms. Martin's medical conditions, pain, activities of daily living, and treatment. *Tr. 19-22.* The ALJ also

noted that Ms. Martin worked during the relevant time-period. *Tr. 15-16*. The ALJ considered the medical opinions that Ms. Martin could perform light work, but assigned an RFC for sedentary work, with additional postural restrictions. *Tr. 19-22*. The RFC finding reflected the limitations which the ALJ found to be credible, and it is supported by the medical evidence as a whole.

### 5. Past Relevant Work

Ms. Martin alleges that there was no evidence regarding "the actual requirements of the very job that was ultimately used to deny the claim." *Doc. 7 at 15*.

Based on VE testimony, the ALJ found that Ms. Martin could return to past relevant work as a customer order clerk. *Tr. 21*, *52-55*. The applicable regulations at the time of the ALJ's decision define past relevant work as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).[3] Ms. Martin completed a work history form in which she described her job functions as a customer order clerk, and the ALJ asked Ms. Martin about her work at the hearing. *Tr. 52-55, 341*. Her attorney did not elicit additional testimony about past

---

[3] After the ALJ issued his decision, the regulations changed to incorporate only past work from the last five years. *See Soc. Sec. Ruling* 24-2p. For decisions issued before June 22, 2024, past relevant work must be performed within the last fifteen years. 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).

relevant work, indicating that she thought the record was developed on that issue. *Tr. 55*. The ALJ relied upon the VE to conclude that Ms. Martin could return to work as a customer order clerk as actually and generally performed. *Tr. 21*. The ALJ sufficiently addressed the issue of Ms. Martin's past relevant work.[4]

## IV.    Conclusion

The ALJ applied proper legal standards in evaluating Ms. Martin's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the decision and enter judgment in favor of the Commissioner.

Dated 5 February 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Ms. Martin makes a tangential argument that her role as customer order clerk did not last long enough for her to learn how to do the job. Neither she nor her attorney raised this issue at the hearing. The job was specific vocational preparation ("SVP") level 4, meaning it can take between three and six months to learn. *See Dictionary of Occupational Titles*, No. 249.362-026. Ms. Martin's earnings report showed she worked it for over five months. *Tr. 216*. This argument is without merit.